GUST UPPFALT, PLAINTIFF IN ERROR, V. JOHN NELSON,
DEFENDANT IN ERROR.

Ejectment: PLEADINGS. Where in an action for the recovery
of real property the answer of the defendant put in issue the
title of the plaintiff, but alleged no equitable defense, a finding
and judgment for the plaintiff upheld, notwithstanding there
was evidence which, under proper allegations, would have tended
to establish an equitable defense.

ERROR to the district court for Cuming county. Tried
below before POST, J., sitting for CRAWFORD, J.

*Parrish & Lewis* and *Uriah Bruner*, for plaintiff in
error.

*T. M. Franse*, for defendant in error.

COBB, CH. J.

This was an action for the recovery of a tract of land,
together with compensation for the use thereof while in
the alleged unlawful possession of the defendant. It was
such an action as before the code was called an action of
ejectment. But many years before the adoption of the
code the legislatures of most of the states had abolished
the most of the artificial and technical features of the
action of ejectment as described by the common law
writers; and yet it remained a common law remedy, as
distinguished from equitable ones, and since the adoption
of the code it remains "the remedy generally made avail-
able for the trial of title to land." See note to Chase's
Blackstone, p. 733.

The statute of Nebraska, section 626 of the code of
civil procedure, provides as follows:

"In an action for the recovery of real property, it shall
be sufficient if the plaintiff state in his petition that he has

a legal estate therein, and is entitled to the possession thereof, describing the same    *    *    *    ˙and that the defendant unlawfully keeps him out of possession.    *˙*    *"

Section 627 also provides that, "It shall be sufficient in such action if the defendant in his answer deny, generally, the title alleged in the petition, or that he withholds possession, as the case may be; but if he deny the title of the plaintiff possession by the defendant shall be taken as admitted.    *    *    *"

Now I understand the meaning of these two sections, taken together, to be that this action is based primarily upon the legal title on the part of the plaintiff, but also depending upon his having also the right of immediate possession.   The letter of the statute would seem to confine the defendant to a legal defense in so far as he may seek to dispute the legal title of the plaintiff; but after admitting the legal title of the plaintiff he may doubtless plead, and upon the trial prove, any fact or facts which upon recognized principles of equity would defeat the claim of the plaintiff to the immediate possession of the land.   It will be seen, upon an examination of the section˙ of the code last quoted, that such an answer on the part of the defendant would be altogether consistent with the actual possession of the land by the defendant, and in point of fact it is usually the case that the facts and circumstances of such possession constitute an important part of such equitable defense.

To apply the above observations to the case at bar, the petition of the plaintiff in the court below seems to be in due and approved form.   The answer of the defendant in said court is equally unexceptionable in form for the purpose of presenting an issue upon the legal title of the plaintiff.   Such legal title it not only does not admit, but directly denies, and it fails to state a single fact of an equitable character or which tends to invoke the equitable powers of the court.

This court has often repeated that proper allegations in pleadings are as necessary to a judgment as are the proofs to sustain such allegations; neither can be dispensed with in contested cases.

Having carefully examined the evidence in the case as preserved in the bill of exceptions, there remains no doubt on the mind of the writer that the *legal title* to the land is in the defendant in error, the plaintiff in the court below. Had there been such pleadings as were necessary to lay a proper foundation for the evidence introduced by the defendant and received by the court over the objection of the plaintiff, tending to show his equitable rights growing out of his transactions with the former owner of the land before the proper recording of plaintiff's deed, and other circumstances, such evidence would have been deemed entitled to very great weight in the disposition of the case. But for the want of such allegations in the pleadings it must be presumed that although the objection to the introduction of such evidence was overruled by the trial court, its final consideration was refused, and in this I conceive there was no error.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.