GUST. UPPFALT, APPELLEE, V. AUGUST WOERMANN ET
AL., APPELLANTS.

[FILED SEPTEMBER 16, 1890.]

Ejectment: A COUNTER-CLAIM based on a contract of purchase,
   being in the nature of a cross-action, the defendant is not com-
   pelled to interpose it in an action of ejectment as a defense.   If
   he so elect he may bring a separate action to enforce the con-
   tract, subject, however, to a liability to pay the costs in the sec-
   ond case.

APPEAL from the district court for Cuming county.
Heard below before POWERS, J.

*T. M. Franse,* for appellants, cited, on the point that ap-
pellee was estopped from asserting an equitable title, since
in the ejectment suit he had remained silent in reference
thereto: *Niven v. Belknap,* 2 Johns. [N. Y.], 573; *Hall
v. Fisher,* 9 Barb. [N. Y.], 17; *Bank v. Bank,* 50 N. Y.,
575; *Blair v. Wait,* 69 Id., 113; *Chouteau v. Goddin,* 39
Mo., 229; *Dickerson v. Colgrove,* 100 U. S., 578; *Jamison
v. Miller,* 64 Ia., 402; *Tiffany v. Anderson,* 55 Id., 405;
*Beebe v. Wilkinson,* 30 Minn., 548; *Pitcher v. Dove,* 99
Ind., 175.   The subject matter is *res adjudicata: Fischli
v. Fischli,* 1 Blackf. [Ind.], 360; *Stockton v. Ford,* 18
How. [U. S.], 418; *Doty v. Brown,* 4 Comst. [N. Y.],
71; *Babcock v. Camp,* 12 O. St., 11; *Cromwell v. Sac
County,* 94 U. S., 351; *Case v. Beauregard,* 101 Id.,
688.

*Bruner & Lewis,* in reply to the latter contention, cited:
*Cromwell v. Sac County, supra; Wilch v. Phelps,* 16 Neb.,
515; *Brigham v. McDowell,* 19 Id., 407; *Russell v. Place,*
4 Otto [U. S.], 606; *Nims v. Vaughn,* 40 Mich., 356.

MAXWELL, J.

This is an action to enforce specific performance of a contract. The petition is very long and need not be specially referred to. The principal defense relied upon is a prior adjudication, which is set forth in the answer as follows:

"The defendants further allege that on or about the 29th day of September, 1883, the defendant John Nelson commenced in the district court in and for Cuming county, Nebraska, a court having jurisdiction of the parties and of the subject-matter of the action, a suit in ejectment against the plaintiff Gust. Uppfalt to recover possession of the land described in plaintiff's petition herein, and that said. suit was based upon the same title and claim of title set forth in the petition herein as existing in the defendants Scranton, Olson, and Nelson; that said Uppfalt appeared in said action and based his defense upon the same contract and equitable rights thereunder set up by him as the basis of this action; that such proceedings were had in that case, that final judgment was in due time, and before the commencement of this action, rendered therein, awarding the possession of said premises to defendant Nelson, plaintiff in said action; and defendants allege and ask this court to adjudge that said judgment so rendered is and constitutes a bar to this action, and that all the questions involved herein are *res adjudicata* in the suit so prosecuted to final judgment.

"That in said suit in ejectment the defendant therein, plaintiff in this action, on or about May 25, 1886, made application to the said district court to be compensated for the same improvements and upon the same premises as are set forth in the petition in this suit, and that said application was heard by said court, and on the 27th of July, 1886, final judgment rendered thereon, denying said application; that said application was based upon the same

equities as are set forth in the petition herein and made the basis of this action, and defendants allege and ask this court to decree that said judgment rendered upon said application estops plaintiff from prosecuting this action and is in law a bar thereto.

"That defendant Olson held a contract of purchase of the premises in question prior to the contract of plaintiff; that said contract of purchase was from defendant Scranton and was a legal and valid contract, and was duly filed for record in the clerk's office of Cuming county, Nebraska, on the 23d day of November, 1881, prior to the contract of plaintiff, which was made December 22, 1882, and that plaintiff had notice of the same when he took his said contract, and at all times after February 12, 1883, had notice that the defendant Olson held a warranty deed of said premises.

"That the defendant Scranton is amply responsible financially and that if plaintiff has any claim or right under his contract with said Scranton said plaintiff has an ample and adequate remedy at law to enforce the same."

On the trial of the cause the court found as follows:

"1st. That plaintiff on the 7th day of December, 1880, bought of Wm. W. Scranton, executor of the last will of Joseph H. Scranton, deceased, the owner thereof, the following property to-wit: the N. ½ of the S. W. ¼ of section 23, township 22, range 7 east, in Cuming Co., Neb., the premises in controversy in this action, for the agreed price of four hundred and eighty dollars ($480) by an agreement in writing of that date duly executed by the said Wm. W. Scranton and said plaintiff.

"2d. That plaintiff paid to said Scranton on said contract the sum of eighty dollars ($80) on December 1, 1880, and twenty-four dollars ($24) on December 1, 1881, and on December 1, 1882, the sum of one hundred and twenty-four dollars ($124), and also the taxes assessed on said land for the years ———, amounting to eleven dollars

($11), and took possession of the same in June, 1882, under said contract and retained such possession until June, 1886.

" 3d. That plaintiff has made improvements on the land since the execution of the contract, of the value of two hundred and fifty dollars ($250).

" 4th. That said premises were unoccupied and unimproved at the time of such purchase by plaintiff.

" 5th. That on the 22d day of December, 1882, the plaintiff had his said contract duly acknowledged and recorded in the numerical index of lands in said county.

" 6th. That at the time of making the contract the plaintiff had no notice of any claim or interest in said premises by the said defendants, or any of them, and knew nothing of such claim or interest until some time in June, 1882.

" 7th. That plaintiff tendered the balance due on said contract at the time and in the manner therein provided, and that plaintiff has complied or offered to comply with the the terms of said contract.

" 8th. That defendant Niels M. Olson entered into an agreement for the purchase of said lands, together with other lands, with the said Wm. W. Scranton on the 23d day of October, 1880.

" 9th. That said contract of Olson was not ackowledged or proven, but that on the 23d day of November, 1881, was spread upon the miscellaneous record of said county and was entered upon the numerical index of lands therein.

" 10th. That on January 30, 1883, said Olson paid for said land in full under his said contract to said Scranton and obtained a deed in fee for said premises, which deed was placed upon record February 12, 1883.

" 11th. That said Olson conveyed the premises by deed to defendant Nelson on February 9, 1883, who, in turn, sold and conveyed to defendant Woermann June 23, 1886, and on May 10, 1886, defendant Nelson mortgaged the same to defendant Renard, and on June 26, 1886, defend-

ant Woermann mortgaged the premises to his grantor, Nelson.

"12th. That on June, 1886, the plaintiff was ousted from the possession of said premises by the defendant Nelson, and as a conclusion of law, that the plaintiff, by virtue of his contract as aforesaid, had an equity or interest in said premises superior to that held by defendant Olson, under his contract, and that, at the time of making final payment for said premises and accepting a deed therefor, the said Olson had notice of plaintiff's interest in said premises, and took title thereto subject to such interest; that the said defendants Nelson, Woermann, and Renard acquired their several interests in said land with at least constructive notice of plaintiff's rights in such premises, and that the conveyances of the same from said Scranton to said Olson, and from Olson to Nelson, and from said Nelson to defendant Woermann were in effect an assignment of said Scranton's interest under said contract with plaintiff to said parties, and that said defendant Woermann took and now holds the legal title to said premises in trust for said plaintiff, and it is therefore considered and adjudged that, upon payment, or tender of payment, to the said Woermann of the balance due and to be paid by the said plaintiff to said Scranton, under said contract, together with interest thereon, as provided in said contract, and all taxes paid on said land by the said defendants, or either of them, and interest on said amounts then paid, amounting, in the aggregate, to five hundred and $\frac{30}{100}$ dollars ($530.30), the said Woermann is to execute a conveyance of said premises to the said plaintiff, and upon his failure or refusal so to do for the space of twenty (20) days after such payment or tender of payment, then this decree to stand as and for such conveyances, and that the said mortgage deeds from the said Woerman to said Nelson, and from said Nelson to said Renard, be canceled and held for naught to the extent that they cover said premises and that the plaint-

13

iff have and recover his costs from defendants, taxed at $45.48."

The principal question in this case is, whether or not the former action in ejectment is a bar to the prosecution of this action.

The case of *Uppfalt v. Nelson,* 18 Neb., 533, was brought by Nelson against Uppfalt to recover the possession of the land in controversy. The answer in that case was a general denial and the judgment was in favor of Nelson. The question of the equitable rights of Uppfalt under his contract was not pleaded in that action, although proof tending to show such rights was admitted. The proof, however, in that case, so far as the conclusiveness of the judgment is concerned, could go no farther than the pleadings, and the pleadings not being amended to conform to the proof, it was unavailing. The rule is well established "that the judgment of a court of concurrent jurisdiction directly upon the point is, as a plea, a bar; or as evidence, conclusive between the same parties, upon the same matter directly in question in another court; second, that the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter between the same parties, coming incidentally in question in another court for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question though within their jurisdiction, nor of any matter incidently cognizable, nor of any matter to be inferred by argument from the judgment." This rule was adopted and approved by Story, J., in *Harvey v. Richards,* 2 Gall., 229, and by Chief Justice Gibson in *Hibshman v. Dulleban,* 4 Watts [Pa.], 191.

The question arose in this court in *Gayer v. Parker,* 24 Neb., 643. It was held that a former verdict and judgment are conclusive only as to all the facts directly in the issue, and do not extend to facts which may be in contro-

versy and which rest upon evidence and are merely collateral. That case was carefully examined and it is believed that the decision is right. In ejectment under the statute the defendant under a general denial may prove an equity which negatives the plaintiff's right to the possession (*Dale v. Hunneman*, 12 Neb., 221); but can obtain no affirmative relief (*The Duchess of Kingston's Case*, 20 Howell's State Trials, 538).

Where he seeks affirmative relief by setting up a contract which will give him the right to demand specific performance, this must be done by answer in the nature of a counter-claim. In such case he becomes an actor in fact, and plaintiff, in the matter therein set forth, and such counter-claim does not come under the term defense. In effect, it is a cross-action in which the defendant seeks affirmative relief. He is not compelled to seek this relief in an action of ejectment any more than he is required to set up a set-off or counter-claim in other cases. The failure to set up the counter-claim may be ground upon which the court may tax the plaintiff with the costs of the second action, upon the principle that had the matter been submitted in the first action the extra cost would have been avoided.

There is no claim or pretense that the matter now in controversy was in issue in the former case and no case has been cited under a statute like our own holding that a defendant must set up his counter-claim in an action against him to recover the possession of land or be barred of the right to recover, and we cannot so hold. The other points in the case are not seriously urged and there is no error in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.