CITY OF OMAHA V. JOHN I. REDICK.

FILED JANUARY 23, 1901.    No. 9,299.

1. **Real Estate:** ACTION FOR VALUE: TITLE: CONTRACT. In the absence of an express or implied contract one can not maintain an action to recover the value of real estate while the legal title thereto is in the defendant.

2. **Public Street:** PRIVATE LAND: CONDEMNATION: RECOVERY OF VALUE: INVESTMENT OF TITLE. Where the city appropriates for a street the lands of an individual, who subsequently sues the municipality and recovers their value, such judgment has the effect to invest the city with title to the lands.

3. **Statute of Limitations.** The statute of limitations does not begin to run until the cause of action has accrued.

4. **Election of Remedies.** The principle of election of remedies can be applied only where there are two or more co-existing remedies, and these must be so inconsistent that a party can not logically choose one without renouncing all others. *State v. Bank of Commerce of Grand Island*, 61 Nebr., 22.

5. ———: ESTOPPEL. If the law affords but a single remedy, a party is not precluded from resorting thereto merely because he sought to avail himself of another remedy to which he was not entitled. *Supra.*

ERROR from the district court for Douglas county. Tried below before FAWCETT, J.  *Affirmed.*

*W. J. Connell* and *E. H. Scott*, for plaintiff in error.

*William A. Redick, contra.*

NORVAL, C. J.

In 1876 John I. Redick conveyed to the city of Omaha a certain tract of land, which now constitutes a portion of Harney street in said city.   The deed was executed by Redick through mistake of fact, one Gibson having represented to him, falsely, that he had a contract with the city to grade and improve the street, and that if the strip of land was conveyed by Redick, that portion of the street which included such strip would be graded and improved, and thus enhance the value of neighboring land owned by Redick.   Relying on these representations, Redick made the conveyance mentioned.   In 1877 or 1878, the city having failed to improve the street, Redick brought action against it in the district court, alleging his conveyance and an agreement on the part of the city to improve the street, its failure to do so, and asking as damages the value of the property conveyed.   The answer was a general denial, and judgment was had for the defendant, the latter never having in fact a contract with Gibson to improve the street.   In 1886, however, the city took possession of this strip of land, and graded, guttered, paved and opened it as a street, and is now in possession of it as such.   In 1890 Redick commenced suit in the United States circuit court to cancel the deed, on the ground that it had been obtained from him by mistake of fact on his part, and through the false representations before mentioned.   The suit resulted in a decree in 1892 in his favor, directing that the city should pay him, within ninety days, the value of said land, or in case of its failure to do so, the deed be canceled.   It failed to pay him for the land, as required by such decree; there-

upon, in 1892, Redick presented to the city council a written demand that it deliver to him possession of the land, or take proper proceedings to condemn it. It failed to do either of these things, and he brought this action, which resulted in a judgment in his favor, and the city brings the record here for review.

We proceed to examine the objections raised by the petition in error in their order of presentation.

It is first contended that when the city went into possession of the property in 1886 Redick had an election of remedies, viz., either to sue for the value of the property, or to bring an action to cancel the deed; and having elected to have the deed canceled, he can not now sue to recover its value. The argument is untenable, for the reason that he did not in 1886 have a choice of remedies. So long as the deed was in existence and uncanceled, the legal title to the property was in the city, and with the legal title went the right to possession. No action for value would lie, there being neither an express or implied obligation on its part to pay for the property. His only remedy was a suit to set aside the deed. So soon as the deed was canceled by the suit commenced in 1890, the possession of the city became wrongful, and then, and not until then, did Redick have a choice of remedies. He could then bring ejectment, or the action he has brought. It is insisted, however, that to permit the maintenance of this action is equivalent to allowing him to retain title, and at the same time to recover the value of the property; but we do not think so. A judgment for its value has the effect to invest the city with title to the land. The action is analogous to actions for conversion of personal property. Lewis, Eminent Domain, sec. 623; *Pope v. Benster*, 42 Nebr., 304; *City of Omaha v. Croft*, 60 Nebr., 57.

The next contention is that the action is barred by the statute of limitations, it being assumed that his cause of action accrued in 1886, when the city went into possession of the property. As before stated, he had no

cause of action for value until the deed was canceled in the suit instituted in 1890, judgment in which suit was not entered until 1892, and as the present action was commenced in 1895, no statute could have run against it.

The last point made is that the issues involved in this case are identical with those in the action commenced in 1877, and the judgment in that action is a bar to this. With this we cannot agree. He had no right of action in 1877, for either value or damages. In bringing that action he merely mistook his remedy; wherefore judgment in that case could not preclude him from bringing an action when his cause of action subsequently accrued. *State v. Bank of Commerce of Grand Island*, 61 Nebr., 22.

No error having been pointed out, the judgment of the lower court will be

. AFFIRMED.