## JOHN MCNEAL V. LIZZIE HUNTER.

FILED NOVEMBER 2, 1904.   No. 13,609.

1. **Bastardy: TRIAL: PLEA.** Where on a trial in a bastardy proceeding, the defendant goes to trial upon the sole and only issue of his guilt as charged in the complaint, and on the theory that he has pleaded not guilty, and the case is so submitted to the jury, the fact that no formal arraignment and plea thereto is entered of record is an irregularity which at most is error without prejudice.

2. **Wavier.** The right to have the complaint read to him and to be allowed to plead thereto may be waived by the defendant, and he will be held to have waived the same where a trial is had as though such plea had been entered.

3. **New Trial.** A new trial on the ground of newly discovered evidence will not be granted where the proposed evidence appears to be hearsay and incompetent.

4. ———: A defendant will not be allowed a new trial on the ground of newly discovered evidence where it appears that such evidence was known at the beginning of the trial, and no seasonable effort was put forth to procure such evidence at the trial or to secure a postponement of the trial before a final submission of the case to the jury, and until such evidence could be secured.

5. **Evidence** examined, and found to be sufficient to sustain the verdict of the jury.

ERROR to the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*W. W. Wood,* for plaintiff in error.

*C. Patterson, contra.*

Holcomb, C. J.

On a trial had to the court and a jury, a verdict was rendered finding the defendant guilty on a complaint charging him with being the father of a bastard child delivered by the complainant, Lizzie Hunter. After the overruling of a motion for a new trial, the defendant was by the court duly adjudged to be the reputed father of the said child, and ordered to stand charged with its maintenance in the sum of $300, to be paid in instalments as in the judgment provided, also to pay the costs of the action, and to be confined in the jail of Sheridan county until the judgment was complied with or bond given as required by law for the performance of such judgment. The defendant prosecutes error.

1. It is assigned as error that the court ordered the issue in the case to be tried to a jury, and the trial thereof had on the complaint, without the defendant being arraigned and given an opportunity to plead to the complaint. The record does not affirmatively show a formal arraignment on the complaint and a plea thereto by the defendant. In the instructions of the court, the jury were told that the defendant had been duly arraigned upon such charge, and had entered a plea of not guilty, and that this plea of not guilty put in issue the truth of said charge. It is altogether clear from an inspection of the record that the only issue submitted to the jury was that of the guilt of the defendant of the act charged in the complaint; and that the case proceeded to a trial and judgment upon the theory, and was so treated by both parties, that this, and only this, issue was raised by the pleadings. It is equally manifest that the defendant during the whole of the trial was vigorously denying his guilt and protesting his innocence; that he submitted evidence

McNeal v. Hunter.

in support thereof, and upon that issue the jury found against him. We cannot possibly see how the defendant was prejudiced, even though no formal arraignment and plea were entered of record. His right in this respect to be arraigned and to be allowed to plead to the complaint, like all others in a civil action, may be waived. The defendant could, if he desired, elect to appear and resist the charge in the complaint, and it was not incumbent upon him to file any written plea. 5 Cyc. 665, par. 3. For the same reason, he could waive the formal reading of the complaint and the entering on the record of a plea of not guilty. It is hardly to be doubted that in this case the defendant, by going to trial and trying his case as though the issue had been regularly made up, waived any right he might have regarding a formal arraignment and plea thereto. Conceding, therefore, the irregularity complained of, it at most is only error without prejudice, and regarding which the judgment ought not to be reversed.

2. Error is also sought to be predicated on the ruling of the court denying the defendant a new trial on the ground of newly discovered evidence. There are two reasons, we think, why this contention cannot be sustained. In the first place, much of the proposed evidence was hearsay and incompetent, being alleged statements of third parties not shown to have been made in the presence and hearing of the complainant. Eliminating the incompetent evidence, the remainder was in no wise contradictory of the testimony of the complainant; the object being to offer evidence as tending to prove that the complainant had made a statement as to who was the father of her illegitimate child, inconsistent with the charge made against the defendant. In the second place, the proposed evidence was known to the defendant or his attorney before the final submission of the case on the first trial, and there is an entire absence of evidence showing due diligence to procure it in time to be submitted at the original trial, or to secure a brief postponement until the witness could be procured. The affidavit of the attorney for the de-

fendant recites that he learned of such evidence on the morning of the day set for the trial of the cause; that he caused a subpœna to issue, but that the witness did not appear in obedience to the subpœna till the close of the trial; and that during the progress of the trial and before the defendant rested his case, he submitted to the presiding judge what he had been informed the absent witness would swear to, and was informed that the evidence as detailed could not be allowed, whereupon the case was submitted to the jury. While this may be a very informal way of presenting an application for a postponement of the hearing until the witness could be procured, the legal effect, if it has any, is an acquiescence by the defendant in the ruling of the trial judge, with no exceptions taken thereto and regarding which error would not lie. But if this informal presentation of the matter during the trial is to be disregarded, then it is equally clear that the defendant did not act with reasonable diligence when he failed to procure the attendance of the absent witness, and failed to make an application for a postponement of the trial till her attendance could be procured before entering upon a trial of the case, and before the final submission of the cause to the jury. A party knowing of the existence of material evidence in his behalf before the trial, or before his cause is finally submitted, cannot be permitted to submit his case to the jury on the evidence at his command, and thereafter, if the cause goes against him, obtain a new trial on the ground of the discovery of such evidence and his failure to produce it at the original trial. He must be prompt and diligent, and in this action it was the duty of the defendant to make his application for further time at the time he learned what the absent witness would testify to, and before the cause then about to be tried was finally submitted for a verdict and judgment.

3. Lastly, it is argued that the evidence is not sufficient to support the verdict of the jury. The evidence preserved by the bill of exceptions has been examined, and, while

it is not as strong and convincing as might be desired in order that any doubt as to its sufficiency might be dissipated, yet we are not prepared to say that it is not legally sufficient to support the jury's finding. There is competent evidence to support the verdict. The evidence, it is true, is more or less conflicting. The jury saw and heard the witnesses. It was for them to weigh and consider the testimony of each and all of them. "The paternity of the child being the fact to be determined by the jury the credibility of the witnesses, the opportunities for intercourse, the duration of the period of gestation, and the fact that a bastard child has been born are all matters which may be considered by them in arriving at their verdict." 5 Cyc. 667, par. 8. A finding upon such evidence, under a well recognized rule, cannot rightfully be disturbed by this court. We cannot say the verdict is clearly and manifestly wrong and unsupported by sufficient evidence. The action is essentially civil in its nature, and a preponderance of the evidence is all that is required. We find no prejudicial error in the record, and it follows that the judgment of the district court should remain as announced and rendered.

AFFIRMED.