John F. Reams, appellee, v. Albert W. Sinclair, appellant.

Filed January 2, 1915. No. 17,873.

1. **Judgment**: Res Judicata: Direction of Verdict. In a law action, if the parties submit their case for the determination of the court upon defendant's motion to direct a verdict in his favor, a verdict so directed and judgment thereon will be *res judicata* of the issues in the case.

2. **Trial**: Direction of Verdict: Reception of Further Evidence. Upon ruling in defendant's favor upon such motion, the court may in its discretion allow the plaintiff, upon his request, to introduce

further evidence, and will do so when it appears that justice requires such action.

3. Judgment: RES JUDICATA: DIRECTION OF VERDICT. If, upon such motion, the plaintiff makes no request to be allowed to proceed further in the case, but appeals to this court from the judgment, entered upon such verdict, he will not afterwards be allowed to litigate the issue involved in such action.

4. Ejectment: PLEADING AND PROOF. In an action of ejectment, the plaintiff must allege and prove a legal title and right of possession.

5. Judgment: RES JUDICATA: EJECTMENT. If an action in ejectment is decided for defendant because a writing relied upon by plaintiff as a conveyance in his chain of title is construed to be insufficient for that purpose, such judgment will not be a bar to a subsequent action in equity in which it is alleged and proved that the said writing transferred to the grantee named therein an equitable right to the land in question, and that such grantee duly conveyed his interest in the land to the plaintiff.

APPEAL from the district court for Franklin county: ERNEST B. PERRY, JUDGE.   Affirmed.

W. C. Dorsey, for appellant.

Bernard McNeny and George J. Marshall, contra.

SEDGWICK, J.

This plaintiff began an action in ejectment against the defendant in the district court for Franklin county. When the evidence was completed, the trial court directed a verdict for the defendant. Upon appeal to this court, the judgment of the trial court was affirmed. Reams v. Sinclair, 88 Neb. 738. Afterwards the plaintiff began this action in equity in the district court for Franklin county to establish and quiet his title in the same land. The trial court found the issues in favor of plaintiff, and entered a decree quieting his title, and the defendant has appealed.

The defense relied upon is the former adjudication in the ejectment action. In that action, as above indicated, the parties proceeded to trial, and, when the evidence was in and the parties had rested, the court, upon the defendant's motion, directed the jury to find a verdict in the defend-

ant's favor. There is considerable discussion in the briefs and many authorities are cited upon the question whether a judgment upon an involuntary nonsuit is a bar to another action for the same cause and between the same parties. The seeming · conflict in the authorities upon this point is apparently largely due to changes from the common law practice introduced by the code procedure, and also to the different provisions in the codes of the various states. Our code provisions are plain and simple, and we have not generally found difficulty in applying them. Section 7654, Rev. St. 1913, provides: "An action may be dismissed without prejudice to a future action: First, by the plaintiff, before the final submission of the case to the jury    *    *    *; second, by the court where the plaintiff fails to appear at the trial; third, by the court for want of necessary parties; fourth, by the court on the application of some of the defendants where there are others whom the plaintiff fails to diligently prosecute; fifth, by the court for disobedience by the plaintiff of an order concerning the proceedings in the action. In all other cases on the trial of the action the decision must be upon the merits."

If the plaintiff desires that the disposition of his case shall be without prejudice to another action, he can dismiss it "before the final submission of the case." If he persists and takes the judgment of the court on his case, it will be *res judicata* of the issues involved therein. It is said in the brief that, when the defendant moves for nonsuit and his motion is overruled, the defendant may still proceed with his case, and that the same privilege should be allowed the plaintiff. If the plaintiff asks to be allowed to introduce further evidence, the court has the discretion to allow it. *Nelson v. Omaha & C. B. Street R. Co.*, 93 Neb. 154. The trial court will generally allow this if it appears that justice requires it. But if the plaintiff does not ask to submit further proofs, and persists in standing upon the record as made, and appeals to this court from the decision against him, he cannot afterwards avoid the effect of the judgment.

The question, then, in the case at bar is whether the issues presented and tried in this case are the same as those determined in the former action. In an action of ejectment, the plaintiff must show a legal title and right of possession. In the ejectment suit, the plaintiff "traced the title from the United States to Fred Smith." He then introduced a deed of a master in chancery of an Illinois court purporting to convey title to plaintiff's grantor. This deed did not convey a legal title, because it appeared that "the proceedings in Illinois were in partition," and it was held that "partition proceedings are *in rem*." And in such proceedings the Illinois courts could not convey title to real estate in Nebraska. In the case at bar, it appears that the then owners of the land treated the Illinois proceedings as sufficient, and received full compensation for the land thereunder. This gave plaintiff's grantor an equitable title to the land, which could not be enforced in that action. This action in equity is the proper action in which to try that issue. It plainly was not tried and determined in the former action.

This being the sole question presented in this case, it follows that the judgment of the district court is

AFFIRMED.

LETTON, ROSE and FAWCETT, JJ., not sitting.