ROSA JOHNS WHEELER, APPELLANT, V. FRANK J. BRADY, ADMINISTRATOR OF THE ESTATE OF WILLARD A. WHEELER, ET AL., APPELLEES.

FILED MARCH 2, 1934.   No. 28827.

*Hotz & Hotz,* for appellant.

*J. J. Harrington* and *D. R. Mounts, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MEYER, District Judge.

DAY, J.

This is a suit to reform a purported deed and to quiet title to real estate. The deed is the ordinary quitclaim deed except for a provision which caused this controversy. It was given to Mrs. Wheeler by her husband about six months before his death, after which she caused it to be recorded. The other heirs of Mr. Wheeler brought a suit to set aside the deed and quiet title in themselves to an undivided one-half interest in the real estate. The trial court decreed that the purported deed was in fact testamentary in character but that it was not executed in accordance with the laws pertaining to the execution of wills and quieted title in the plaintiffs. Mrs. Wheeler appealed from this judgment, which was affirmed by this court, *Miller v. Wheeler,* 120 Neb. 874, on the authority of *Pinkham v. Pinkham,* 55 Neb. 729. Subsequently, this suit was commenced in the district court and upon trial a decree was entered against the plaintiff. In the decree, the court found generally in favor of defendants. The assignments of error present two questions: (1) Application of the doctrine of *res judicata* and (2) considera-

tion of the evidence to determine if it requires a reformation of the deed. The present suit was commenced by filing a petition in the same case, and the theory of the plaintiff, who was formerly the defendant, is that, after the case was affirmed, she was entitled to file a petition asking reformation, since the adjudication by the court that a deed is testamentary in character is not *res judicata* nor a bar to an action to reform the instrument. She relies upon the case of *Pinkham v. Pinkham,* 60 Neb. 600. In that case, the trial court had decreed that a deed was a conveyance of the present title. This court held upon appeal that the deed was not a conveyance but was testamentary in character, reversed the judgment of the trial court and remanded the case for further proceedings. Whereupon the defendant filed an amended answer pleading mistake and error in the drawing of the deed. and asking for a reformation. In that case it was held that where a case was remanded generally, and not for a particular purpose, the trial court, in the exercise of a sound discretion, may permit amendments of the pleadings. This is not the situation here and the rule is not applicable.

A suit was brought against plaintiff, the wife of deceased, by other heirs to quiet title to real estate which was clouded by this purported deed. A decree was entered that the purported deed was testamentary in character but not executed in accordance with the law of wills and quieted title in the heirs. Whereupon plaintiff brought this suit to reform the purported deed and quiet title in her against the same heirs. Does the judgment in the first suit constitute a bar to the second suit?

The former decision is not of course an adjudication that the contract cannot be reformed. That question was not presented nor considered at that time. That suit only decided that the purported deed as it stood did not convey title to the real estate in question, because it was testamentary in character, but since it was not executed according to the law relating to wills, title to a portion

of the property was quieted in the other heirs at law. The cases in which the fundamental principles of *res judicata* are discussed are legion. All we need as a test here is the general rule, which is well stated as follows: "Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." 34 C. J. 743. The right of reformation was not a right, fact, or matter litigated in the first suit and the judgment therein was not a bar to this suit.

In *Grand View Bldg. Ass'n v. Northern Assurance Co.,* 73 Neb. 149, a suit which was brought to reform a policy of fire insurance after an action at law had previously been brought upon the policy in the federal court and a verdict obtained, an appeal was taken to the circuit court of appeals, where the judgment was affirmed, and the case removed thence by certiorari to the supreme court of the United States, which latter court reversed the judgment of the lower courts and, in obedience to a mandate from the supreme court, the circuit court rendered a judgment for the defendant company upon the merits. *Northern Assurance Co. v. Grand View Bldg. Ass'n,* 183 U. S. 308. In this court, that case held: "A suit in equity to reform a policy of fire insurance so that it will express consent to concurrent insurance, and to recover on the instrument as so reformed, may be maintained after the termination of an unsuccessful action at law to recover on the unreformed contract." *Grand View Bldg. Ass'n v. Northern Assurance Co.,* 73 Neb. 149. Since this court affirmed a judgment in that case on the policy, the case was removed to the supreme court of the United States, and that court held: "An adjudication in an action at law on a policy of insurance that the insured cannot re-

cover on the policy as it then stood is not an adjudication that the contract cannot be reformed." *Northern Assurance Co. v. Grand View Bldg. Ass'n,* 203 U. S. 106. See, also, *City of Omaha v. Redick,* 61 Neb. 163; *Reams v. Sinclair,* 97 Neb. 542; *Simons v. Fagan,* 62 Neb. 287; *Uppfalt v. Woermann,* 30 Neb. 189. We are constrained to hold that the correct rule is that an adjudication in an action to quiet title against a purported deed, testamentary in character, is not *res judicata* to a suit to reform the instrument. This conclusion is reached without reference to election of remedies, which could not be pertinent here, if ever, for that plaintiff was defendant before and did not make an election.

It therefore becomes the duty of this court to consider the evidence to determine if the plaintiff in this suit is entitled to a reformation of the deed as requested. The plaintiff prays that the deed be reformed according to the intentions of herself and husband at the time it was executed so that it will vest the title in her with a life estate in her husband. Such relief was granted in a somewhat similar case, *Pinkham v. Pinkham,* 60 Neb. 600. It was held in that case that a deed of conveyance founded upon consideration should be reformed to accomplish a result which the plaintiff prays for in this case. But there is a distinction in this case from that of the *Pinkham* case in that the mistake in that case was one of the conveyancer. The evidence established that the grantor relied upon the conveyancer to express in the deed his reservation of a life estate in the property conveyed. All of the evidence supported the allegation that it was the unequivocal intention of the grantor in that case to execute such a deed. The language reformed in the *Pinkham* case is: "This deed is to take effect and be in full force from and after my death." As was stated in that case, the mistake was not a glaring one and the conveyancer might easily have misunderstood the purport and legal effect as well as the intention of the grantor. What is the evidence in this case? The provision which it is

sought to reform was written in a printed form quitclaim deed by the grantor himself. It is: "This deed on the above described property is not to be in force and effect as long as I am here on earth alive, but, after my natural death, this deed may be filed and become in full force and effect as if done before in the usual way, providing said property belongs to me at the time stated." This was a studied and labored effort, not to do what the plaintiff asks us to do here. He retained the title, because the deed was not to be filed and he reserved the right in himself to dispose of the property up until the time of his death. This was not accomplished by the use of technical language which deceased did not understand. It is ordinary, simple language, clear and unambiguous, which any one could understand. To reform this provision of the deed or to eliminate it would be to rewrite grantor's deed. There was no mistake of fact as to the provision of the deed. The only mistake, if any, was the legal effect after his death.

There is evidence that the grantor did not want his property to go to some of the defendants in this case, and there is evidence that he told witnesses that he had deeded the property to his wife, but, at about the same time, he placed with his own hand a provision in the purported deed which gave it a testamentary character instead of a present conveyance of the title to the real estate. The provision he inserted with his own hand speaks more persuasively than any evidence of a casual statement. The grantor neither desired nor intended to convey the property to his wife when he executed the purported deed. The language negatives such an intention. It was not to be in force while he was alive; it was not to be filed until his death, and it was not to be effective then, if he had disposed of the real estate previously. "To warrant the reformation of a written instrument in any material respect, the evidence must be clear, convincing and satisfactory, and until overcome by such proof, the terms of the instrument must stand as evidenc-

ing the intention of the parties." *Sutherland State Bank v. Dial*, 103 Neb. 136. See *Paine-Fishburn Granite Co. v. Reynoldson*, 115 Neb. 520.

Upon a trial *de novo*, it is found that plaintiff is not entitled to a reformation of the instrument. The judgment of the trial court will not be disturbed.

AFFIRMED.