BERTHA JACOBSON ET AL., APPELLANTS, V. ANNIE D. FORSTER ET AL., APPELLEES.

293 N. W. 336

FILED JULY 12, 1940. No. 30839.

*Kimball, Peterson, Smith & Peterson, Frank F. Aplan* and *Wear, Boland & Nye,* for appellants.

*A. C. Plantz, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and BLACKLEDGE, District Judge.

JOHNSEN, J.

This is a reformation suit on a deed in which the trial court entered judgment for defendants and plaintiff has appealed.

The action was instituted by Friedrich Feldhahn against the children, by a former marriage, of his deceased wife, Bertha Feldhahn, and their spouses, to have her name stricken from a warranty deed, running to Friedrich Feldhahn and Bertha Feldhahn, as grantees, and to have it decreed that neither she nor her children as heirs at law ever had any actual interest in the property. The petition alleged that Bertha Feldhahn's name had been inserted as a grantee by mistake on the part of the scrivener, and that Feldhahn did not discover that fact until four years later,

when, on Bertha Feldhahn's death, her children sought to have a one-half interest in the property administered as part of her estate. After trial and decree in the district court, Feldhahn died, and the action has been revived, for purposes of this appeal, in the names of his heirs at law, consisting of his children by a previous marriage. Friedrich Feldhahn and Bertha Feldhahn had no children together. For convenience, we shall refer to Feldhahn as the plaintiff throughout this .opinion.

Defendants' answer denied plaintiff's right to reformation, claiming that it had always been the intention that the deed was to run to Friedrich Feldhahn and Bertha Feldhahn as grantees jointly, and not to Friedrich Feldhahn alone. Laches and estoppel were also set up as defenses.

The trial court denied Feldhahn's right to reformation, on the ground that his proof of the alleged mistake was not sufficiently clear, convincing and satisfactory to meet the standards required for the reformation of an instrument.

The evidence in support of the right to reformation showed that Friedrich Feldhahn and Bertha Feldhahn had married in 1905, after the death of the former spouse of each; that each at that time owned property in his and her own right; that the real estate covered by the deed in suit, which was located in Sheridan county, was acquired by Feldhahn in his own name, some time after their marriage, in exchange for other property which he owned; that Feldhahn had always exercised exclusive control over it; that he advertised it for sale in his own name, listed it with real estate agents, carried on negotiations for exchanges of it, made the leases, and paid the taxes; that in 1931 he sold and conveyed the property to Fred Niemann and Emma Niemann, with Bertha Feldhahn joining in the execution of the instrument as his spouse; that he received as consideration for the conveyance a deed to some land in Shelby county, Iowa, and a purchase money mortgage on the Sheridan county land in the sum of $12,000; that this mortgage ran to him as sole mortgagee and did not include the name of Bertha Feldhahn; that in 1932 he instituted foreclosure

proceedings against the Niemanns in his own name, as plaintiff; that these proceedings were later dismissed upon the agreement of the Niemanns to convey their equity in the property for the sum of $500; that he personally paid the $500 and received a deed from the Niemanns which is the instrument sought to be reformed; that in the granting clause of the deed the name Friedrich Feldhahn was type-written, as was the rest of the body of the deed; that the words "& Bertha Feldhahn" appear in ink in the granting clause, following the name Friedrich Feldhahn; that another clause in the deed provides, without any mention of Bertha Feldhahn's name, that "Friedrich Feldhahn however takes the title subject to a first mortgage now on said premises amounting to Twelve Thousand Dollars ($12,000) —interest taxes all costs and whatever is against the above lands;" that similarly there is a further provision that "Insurance to be assigned free of charge and Friedrich Feldhahn is to pay assessments thereon;" that, after the reconveyance by the Niemanns, Feldhahn again exercised sole control over the property, paid the taxes, collected the rents, etc., down to the time of Bertha Feldhahn's death; and that, so far as the tenants were concerned, Bertha Feldhahn had never made any assertion of rights or interest in the land.

The record further shows, however, that in the deed to the land in Shelby county, Iowa, given by the Niemanns as part of the consideration for the conveyance to them of the Sheridan county land in 1931, Bertha Feldhahn was named as a joint grantee with Friedrich Feldhahn, as she was in the deed in suit, and no attempt was made to explain this circumstance. It further appears that, while Bertha Feldhahn was not named as a mortgagee in the purchase money mortgage given by the Niemanns upon the Sheridan county land, she was made a payee with Feldhahn in the note which the mortgage was given to secure. Her name also appears in two places, with that of Feldhahn, in the deed here involved, in regular typewritten form. Thus, in the recital of the consideration, the deed reads, "to me in hand

paid by Friedrich Feldhahn and Bertha Feldhahn." The covenant provisions similarly recite that "we covenant with the said Friedrich Feldhahn and Bertha Feldhahn," etc. The only place where her name appears in ink is in the granting clause; the other places where it is found, it is in typewriting. Again, Feldhahn's own testimony indicates that Niemann made personal delivery of the deed, and that Feldhahn forwarded it to the county clerk of Sheridan county for recording, in the form in which it now appears. Even more significant than all this, however, are Feldhahn's actions in connection with a forcible entry and detainer suit brought to oust a tenant on the land some time before Bertha Feldhahn's death. He had a notice to quit signed and served in the names of Friedrich Feldhahn and Bertha Feldhahn, as owners. He had a petition filed in the county court in both their names as plaintiffs, alleging that they were the joint owners of the land by virtue of the deed from the Niemanns. He personally signed this petition as follows: "Friedrich Feldhahn and Bertha Feldhahn by Friedrich Feldhahn." The county judge of Sheridan county, before whom the forcible entry suit had been tried, testified that in that case Feldhahn had taken the witness-stand and given the following testimony: "As I remember it, he was asked who were the record owners of the land, or who was the owner of the land, and he testified that he and his wife owned this farm."

Whatever implications there may have been in the evidence offered by plaintiff, they are not sufficient, as against the facts just recited, to establish clearly, convincingly, and satisfactorily the right to reformation. There was no testimony on the part of either the Niemanns or the scrivener. The confusion and inconsistency in plaintiff's testimony and in his past actions are probably accounted for by his age and instability. He was 78 years old at the time of the trial in the district court, and the trial judge's memorandum on the overruling of the motion for a new trial declared that "Feldhahn * * * was at the time of trial very old and has lost some of his faculties and counsel himself stated that

he was one of the most difficult witnesses he had ever tried to handle."

The rule is so well settled, as perhaps hardly to require the citation of authority, that a written instrument is not subject to reformation except upon proof that clearly, convincingly and satisfactorily overcomes its positive recitations and provisions. *Oft v. Dornacker,* 131 Neb. 644, 269 N. W. 418; *Wheeler v. Brady,* 126 Neb. 297, 253 N. W. 338. We fully agree with the trial court that, on the evidence submitted and under the rule just stated, plaintiff was not entitled to reformation. This makes it unnecessary to discuss the questions of laches and estoppel raised by defendants.

Plaintiff complains also of the overruling of his motion for a new trial on the ground of newly discovered evidence. The witness, upon whose affidavit plaintiff was relying to show his ability to produce new evidence, appears to have died before the hearing on the motion for a new trial, and there is nothing to indicate that his testimony had ever been competently preserved. In this situation, the trial court could not properly have granted a new trial for newly discovered evidence, since it was obvious that plaintiff had nothing but hearsay testimony upon which he was intending to rely. *McNeal v. Hunter,* 72 Neb. 579, 101 N. W. 236. The motion for a new trial on the ground of newly discovered evidence was therefore properly denied.

AFFIRMED.