## PETER WILCH, APPELLANT, V. G. W. PHELPS AND OWIDA PHELPS, APPELLANTS.

1. **Res Adjudicata:** PRECISE QUESTION INVOLVED. A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment, it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. If there be any uncertainty on this head in the record, the whole subject matter of the action will be at large and open to a new contention unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined. *Russell v. Place*, 94 U. S. Rep., 606.

2. **The Evidence** in this case, *Held*, Not to establish a defense to the note and mortgage sued on, and that the findings and judgment of the district court are clearly wrong.

3. **Finding** and judgment for the plaintiff in this court.

APPEAL from Colfax county district court. Tried below before POST, J.

*J. W. Brown* and *N. H. Bell,* for appellant.

*C. J. Phelps,* for appellees.

COBB, CH. J.

This action was commenced in the district court of Colfax county for the purpose of foreclosing a mortgage executed on real estate in said county by the defendants to the plaintiff. The petition was in the usual form, setting up the execution of a promissory note by the defendant, G. W. Phelps, to the plaintiff for the sum of four hundred dollars, with interest at the rate of ten per cent per annum, payable six months after the date thereof, April 5, 1880. Also a mortgage on the real estate therein described to secure the said note executed by the defendants, husband and wife.

The answer of the defendants consisted of: 1. A general denial; 2. Of a defense in the following words: "That in an action commenced in the county court of said Colfax county by plaintiff against the defendant, G. W. Phelps, and by the plaintiff appealed to the district court of said county the note described in the petition herein, and the consideration thereof, together with the question of legality of the consideration and validity of the note, were put in issue, and on the 7th day of October, 1881, the defendant, G. W. Phelps, recovered a judgment against the plaintiff in said district court of Colfax county in said action for the sum of $600, and on the merits, and that said judgment is unreversed and in full force." Also of a third, fourth, and fifth defense. In the third defense is set up the purchase by the defendant, G. W. Phelps, from the plaintiff, of a certain brick machine, a pretended patent right to use the same, a certain amount of clay of the value

of $77.00, one horse-power of the value of $60.00, and a certain lot of wood of the value of $36.00. That at that time it was agreed by and between plaintiff and defendant that defendant should pay for said·clay, horse-power, and wood the sum of $173.00, and for said brick machine the sum of $275.00, and for the right to use said machine under said pretended patent in said Colfax county the sum of $752.00. That defendant paid plaintiff the sum of $253.00 on the 8th day of April, 1880, and on the 15th day of April, 1880, the sum of $22.00. Also, on the 26th day of the same month executed the note described in plaintiff's petition herein, together with certain other notes —one for $200.00, due ten days after date, and one for $400.00, due six months after the date thereof. That on the 25th day of May, 1880, defendant paid plaintiff on said claim the sum of $70.00, and on the 17th day of June, 1880, the sum of $210.00 That said payments were made and said notes were given for no other consideration than for said clay, horse-power, and wood, of the value agreed upon of $173.00: The balance of $1,027.00 being for and in consideration only for said patent machine and the right to use the same under said pretended patent right in the manufacture of bricks in said county of Colfax. Said patent was void for want of novelty, and was no improvement whatever on former methods of manufacturing bricks, and was of no value whatever, and defendant has received no consideration whatever for said amount of $1,027.00 as aforesaid provided by defendant, of which said note is a part.

The fourth defense differs from the third only in that it charges the plaintiff with having represented to the defendant that he was possessed of a certain patent right for an improved machine and process of making bricks, that the said plaintiff for the purpose of inducing the defendant to purchase said property and said pretended patent right falsely and fraudulently represented to defendant

that it was a new, valuable, and useful improvement in the manufacture of bricks of great value, and defendant relying upon said representations so made to him by the plaintiff, purchased said right to use said machine under said pretended patent, together with a machine constructed under said pretended patent, etc. * * * That said plaintiff made said false representations knowing them to be false, whereby defendant has been greatly damaged, in this, that relying upon the said representations of the plaintiff he proceeded to mold with said machine, and did properly set in kiln about 200,000 bricks, and at great expense burned said bricks, and did all things necessary to fully test said machine and process, and that the bricks so made by said machine and process were, through no fault of the defendant, practically of no value, and that good, merchantable brick could not be made by and with said machine and process, as plaintiff well knew.

The fifth defense is the same as the fourth, except that in it the defendant alleges that the plaintiff warranted that said patent process and machine would manufacture and produce a better quality of bricks than could be produced by the former and usual methods of manufacturing bricks, and much better bricks out of the clay then on defendant's brick yard than those which defendant had made or could make by hand, with breach, etc. The reply consisted of a general denial. There was a trial to the court, a finding, and judgment for the defendants, and the cause brought to this court on appeal.

Upon a careful consideration of the point involved I am satisfied that the facts set up in the answer as the second defense fail to constitute a defense to the plaintiff's action. The defendants in said second defense say that " in an action commenced in the county court of said Colfax county by plaintiff against the defendant, G. W. Phelps, and by the plaintiff appealed to the district court of said county, the note described in the petition herein, and the

consideration thereof, together with the question of the legality of the consideration, and legality of the note, were put in issue, and on the 7th day of October, 1881, the defendant, G. W. Phelps, recovered a judgment against the plaintiff in said district court of Colfax county in said action for the sum of $600, and on the merits," etc. This falls far short of an averment that the legality of said note, and of the consideration thereof, was necessarily and in fact considered and adjudicated upon in the decision of said cause and the rendition of said judgment. It is obvious that there were other matters involved in the suit sought to be set up in the pleading; otherwise how could a judgment for $600 have been rendered for either party, and while the merits of the note sued on may have been considered by the court, yet such a conclusion does not necessarily arise from the facts pleaded. A judgment may have been rendered on the merits in the case without touching upon the merits of a note the legality of which had been put in issue in the case. Such not only might be the case, but such no doubt was the case in that of the record plead in estoppel here.

In examining said record it appears that the answer in that case contained the same defenses as the answer in the case which I am now considering, with one additional one, to-wit: a plea under chapter 66 of the Compiled Statutes, setting up the failure on the part of the plaintiff before offering to sell the said patent right to submit to the probate judge of the proper county for his examination the letters patent or a duly authenticated copy thereof, and his authority to sell or barter the right so patented, etc.

This court cannot close its eyes to the fact that the original answer in the case now under consideration contained, as defendant's second ground of defense, a plea of the statute as contained in the chapter above stated, that a demurrer thereto was overruled and a judgment entered thereon by the same court which tried the cause shown by

the record here pleaded, nor that the cause having been brought to this court on error the said statute was declared to be in conflict with the constitution of the United States and void. *Wilch v. Phelps*, 14 Neb., 134. It must therefore be inferred that the decision of the case contained in the record pleaded was made on the said statute and not on the merits of the said note, and of the consideration upon which the same was made and delivered, aside from and disconnected with the consideration of the said statute. See *Russell v. Place*, 94 U. S. Rep., 606.

It may well be doubted whether under our exceedingly liberal system of pleading there was any defense to the note and mortgage sued on, contained in the facts stated in the answer. The third defense alleges the patent right to be void for want of novelty, that it was no improvement whatever on former methods of manufacturing bricks, and was of no value whatever. But it fails to allege that the machine constructed under said patent (which was also a part of the consideration of the note and mortgage as expressed in the former part of the said count) was of no value. So without stopping to enquire whether it was competent for the defendant to dissect the notes, and take out the value of the clay, horse-power, and wood, and plead a want of consideration for the balance, in any event that process must be held to be incomplete while the value of the brick machine as a piece of machinery is unassailed. It is fairly deducible from the evidence that the machine in question was a press for the manufacture of pressed brick, and that the improvement claimed to be patented was in the method of treating the clay before putting it into the press. Pressed brick are a well-known article of commerce, and a press for their manufacture is *prima facie* valuable, whatever may be said of any peculiar method of preparing the clay before subjecting it to the press.

As has been seen, the fourth and fifth defenses differ

from the third chiefly in that in the fourth defense it is alleged that the plaintiff for the purpose of inducing the defendant to buy "said property and said pretended patent right falsely and fraudulently represented to defendant that it was a new, valuable, and useful improvement in the manufacturing of bricks, and of great value," etc. And in the fifth it is alleged, "that for the purpose of inducing defendant to purchase said property and said patent right plaintiff warranted that said patent process and machine would manufacture and produce a better quality of bricks than could be made by the former and usual methods of manufacturing bricks, and much better bricks out of the clay there on defendant's brick yard than those defendant had made or could make by hand," etc.

There is a sharp conflict of evidence between the plaintiff and defendant, but taking the testimony of the defendant as true, which we must, the court below having found in his favor, what does it prove as a breach of warranty, or failure on the part of the patented machine to come up to the warranted quality? I think nothing. He produces a printed circular as having been given him by the plaintiff, and which was received in evidence on the part of the defendant. From it I extract the following: "This is the greatest labor-saving machine now in use. Five men and two boys, in a day's work of ten hours, can take the dirt from the bank and make and place in the kiln 8,000 superior pressed brick; with horse or team (steam) power 12,000." There was some other evidence of statements made by plaintiff to defendant that the machine would make better bricks than those made by defendant by the old process. There was no evidence as to the number of bricks which in fact could be made and placed in kiln by five men and two boys either with or without horse or steam power. Nor was there any evidence tending to show a breach of warranty in that respect. There was evidence that the defendant made three

kilns of brick by the use of the said machine; that they were all, or mostly inferior bricks. But I do not think that their inferiority is to any considerable extent traced to any defect in the machine, or the method of their molding, but to the manner in which they were burned in the kiln. There is some evidence to the effect that in setting the bricks in the kiln the defendant followed the advice of the plaintiff as to the manner of doing so; but so far as appears from the evidence or pleadings, such advice was given without consideration, and evidence of it ought not to have been received on the trial.

There was no evidence in support of the allegation of the defendant's answer, that the said patent was void for want of novelty, and but very little to impeach the said machine as a first-class brick pressing machine.

Keeping fully in view the law so often announced by this court, that the findings and judgment of a trial court would not be reversed on the evidence unless clearly wrong, I am of the opinion that no sufficient defense to the note and mortgage was established by the evidence.

The finding and judgment of the district court are therefore reversed. There is a findings by this court for the plaintiff for the amount of the note and interest according to the face thereof, but without attorneys' fees, and a decree of foreclosure and sale will be entered in this court accordingly.

DECREE ACCORDINGLY.

REESE, J., having been of counsel, took no part in the hearing.