## FRANK MORGAN ET AL. V. CHARLES L. MITCHELL.

FILED NOVEMBER 18, 1897. No. 7550.

52   667
60   189

1. **Admission of Evidence: REVIEW: PRESUMPTIONS.** Where the record does not disclose by whom certain evidence was offered or that any one objected thereto, it will not be assumed in the supreme court that such evidence was improperly considered.

2. **Res Judicata: EVIDENCE.** A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but, to this operation of the judgment, it must appear either upon the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in a former suit.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

*Byron Clark, Beeson & Root,* and *C. A. Rawls,* for plaintiffs in error.

*Mack & Angleton* and *I. H. Hatfield, contra.*

RYAN, C.

On June 9, 1894, Charles L. Mitchell filed with a justice of the peace of Lancaster county a bill of particulars in which he claimed judgment against Simon Mayer and Frank Morgan in the sum of $120.45. The cause of action in said bill of particulars was stated as follows: "For unlawfully assigning a claim held against plaintiffs by the defendants, with the intent to avoid the exemption laws of the state of Nebraska, of which state the plaintiff was a resident." There was a trial to the jury, which resulted in a verdict for defendants, and accordingly there was a judgment. For the purpose of reversing this judgment the plaintiff filed in the district court of Lancaster county his petition, to which was attached as an exhibit the docket entries of the justice of the peace and a bill of exceptions settled during the course of the trial above referred to. A motion to quash the bill of exceptions on various technical grounds was overruled, but this ruling, though duly excepted to, we do not consider of controlling importance, as will appear in the further consideration of this case. On the trial had before the district court, error was found to have been committed in allowing to be given in evidence a transcript of the record of a cause which had been tried and determined in the district court of Cass county, and accordingly the judgment of the justice of the peace was reversed. The bill of exceptions upon which we are asked to reverse the judgment of the district court of Lancaster county fails to show how, or by whom, the bill of exceptions signed by the justice of

the peace was offered in evidence. Instead of reciting that plaintiff, to maintain his cause of action, or that defendants, to establish their defense, offered the said bill in evidence, the recitation in the bill of exceptions settled by the district court of Lancaster county is, that the last named bill of exceptions "contains all of the testimony adduced or offered by plaintiff and defendant on the trial of said cause," and "the above named plaintiff and the above named defendant each, to maintain the issue of their respective parts, adduced testimony, and all of the objections, with the grounds therefor, with all the rulings of the court on such objections and all of the exceptions to such rulings made and taken at the time,   *   *   * the said defendants ask that this their bill of exceptions may be settled, allowed, signed, sealed, and made a part of the record," etc.   Of the two quotations just made the first is taken from the certificate, whereby the bill of exceptions was settled in the district court of Lancaster county; the last quotation is found in the caption with which said bill of exceptions begins.   As there is no showing who offered in evidence the bill of exceptions settled by the justice of the peace, we cannot for the purpose of rebutting the presumption that the district court ruled properly, presume that this offer was by the plaintiff in error in that court and that the defendants objected thereto and upon their objections being overruled that they excepted to such ruling.   We shall therefore without technical nicety consider the alleged error solely upon its merits.

The claim upon which judgment was sought in the court of the justice of the peace has already been described as fully as the same is disclosed by the record before us. The transcript admitted in evidence upon the trial contained copies of a petition and an answer followed by a journal entry in a cause purporting to have been tried in the district court of Cass county.   The plaintiffs in the cause just referred to numbered twenty-seven persons, between whom there seems to have been no privity

or relationship except that they had a common desire that the defendants, twenty in number, entirely independent of each other, should be enjoined from prosecuting or aiding in the prosecution of any actions for the collection of claims from any of the plaintiffs. The grounds for immunity pleaded were that the plaintiffs were employes of the Chicago, Burlington and Quincy Railroad Company, owner and assignee of the Burlington and Missouri River Railroad Company, a corporation doing an interstate business between Nebraska (in which state plaintiffs as residents thereof were by law entitled to hold exempt certain wages) and Iowa, wherein one of the defendants as assignee of certain claims owned by his co-defendants by garnishment of the railroad company was seeking to subject such wages to the payment of debts alleged to be due from the several plaintiffs. The answer contained a denial of all the matters which constituted plaintiff's ground for praying the injunction. The issues thus joined were tried to the court, by which the existing injunction was dissolved and the costs were taxed to the plaintiffs. Subsequently, on motion of the defendants, the action was dismissed for want of equity. The introduction in evidence of this record on the trial before the justice of the peace must have been prejudicially erroneous. It is true that among the twenty-seven plaintiffs C. S. Mitchell was named, and that among the names in the list of defendants, Mayer & Morgan, a partnership, Simeon Mayer, Chas. Mayer, and Frank J. Morgan, appear as defendants, but, so far as the record shows, there was no proof of identity between the defendants just named and Frank Morgan and Simeon Morgan, the defendants in this case. If this matter depended upon inference, the variance by reason of the absence of an initial letter in the name of one defendant and of a want of uniformity in the spelling of the given name of the other could not be without significance. Again, the petition for the injunction was filed in the district court of Cass county September 27, 1892, and the final dismissal of that case

was a year and a day thereafter. As already stated, the action under consideration was begun June 9, 1894, and it thus appears that a period of more than eight months had intervened between the final disposition of the injunction action and the commencement of this suit. It was scarcely fair to submit to the jury evidence of the commencement of an action to enjoin the collection of a claim, and, in view of the fact that dispute had culminated in a suit with reference to a similar matter nearly two years afterwards, to ask such jury, in the absence of either pleading or proof to that effect, to assume that between these matters of litigation there was such a necessary connection that the fate of the later commenced case should be made dependent upon that of the earlier. The rule applicable is thus stated in the first paragraph of the syllabus of the case of *Wilch v. Phelps*, 16 Neb., 515: "A judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties; but to this operation of the judgment, it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit." No comment is necessary to make clear a fact which is perfectly obvious, and that is, that there was no such pleading or proof as to render the transcript of the record offered admissible in evidence. The judgment of the district court was correct and is therefore

AFFIRMED.