BESS W. DUTCH ET AL., APPELLANTS, V. DOUGLAS B. WELPTON ET AL., TRUSTEES, APPELLEES.

FILED JULY 2, 1931. No. 27746.

*Beeler, Crosby & Baskins, C. J. Thurston* and *L. A. Devoe,* for appellants.

*Halligan, Beatty & Halligan* and *C. E. Herring, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

This action was begun in the district court for Douglas county by Bess W. Dutch and Thomas I. Dutch, as next friends of Hester Mary Dutch, Ralph Dutch, and Betty Jane Dutch, minors, to require the defendants, Douglas B. Welpton and the Equitable Trust Company of Omaha, as trustees, to account for certain property of Hester Welpton, deceased, and the Welpton Investment Company of Ogalalla. The defendants filed a plea in bar wherein they allege that the matters pleaded in the petition were adjudicated in an action in the district court for Douglas county, and that an appeal is pending in this court in respect of the estate of Hester Welpton, deceased. The defendants also allege that the issues presented in the two actions are identical in character and that the plaintiffs should be precluded from now prosecuting the present action. The plaintiffs filed a demurrer to the plea in bar wherein they allege that the defendants failed to state facts sufficient to constitute a defense. The court construed the plea in bar as a demurrer. Thereupon the

·plea in bar was sustained and the action was dismissed. The plaintiffs have appealed.

The record discloses that, on March 3, 1922, a written agreement was entered into by and between Hester Welpton and the Welpton Investment Company with Douglas B. Welpton and the Equitable Trust Company to permit the latter, as trustee, to convert the estate into certain securities to the end that obligations then outstanding against the Welpton Investment Company and Hester Welpton should be discharged. Pursuant to the terms of the agreement it was provided that the trusteeship should be continued until the obligations had been either fully discharged or the estate converted into securities, the income whereof was intended to take care of the payment of the obligations. The plaintiffs contend that the terms of the contract have been fully completed and that an accounting should be had in the premises.

Bess W. Dutch now contends that she is entitled to one-half of the property under the trust agreement, and she has contested the Hester Welpton will. Plaintiffs contend that, in the event they are unsuccessful in the will contest, they have a contingent interest in the remainder of the income of the Welpton estate.

The same question is involved here that was presented in the former action entitled *Dutch v. Welpton*, 120 Neb. 852, wherein Bess W. Dutch sought to compel the defendants to make an accounting. In the former action the trial court decreed that "the trust instrument executed by Hester Welpton, deceased, and the conveyances executed in carrying it into effect conveyed no present interest to said plaintiff but were intended as a security for then existing indebtedness of said deceased, she retained her equity of redemption in the property, and the provision for an accounting to plaintiff in the event of said Hester's death was an expression of testamentary intention for which no consideration was received, and which was superseded by the will made by her within a few weeks

thereafter." The court dismissed the action, and the judgment was affirmed by us. *Dutch v. Welpton,* 120 Neb. 852. The rule stated in *School District D v. School District* No. 80, 112 Neb. 867, is applicable. We there held:

"A judgment acts as an absolute bar to a subsequent action based upon the same contentions, not only as to every matter offered to sustain or defeat said contentions, but also as to any other admissible matter which might have been offered for that purpose."

In respect of the minors represented herein by Thomas I. Dutch, where such minors have a contingent interest in the estate of the decedent, now in the process of administration, the executor is the proper person to maintain an action for an accounting. And where an executor has not refused to compel an accounting by the trustees of the estate of a decedent, which is then in the course of probate proceedings, contingent heirs of such estate cannot maintain such an action. *Cox v. Yeazel,* 49 Neb. 343; *Prusa v. Everett,* 78 Neb. 250. In 2 Woerner, Law of Administration, sec. 322, this observation appears: "As a rule, only the executor or administrator can maintain actions on behalf of the estate or make distribution."

"The executor or administrator is the legal owner, for the time being, of the personal property of which decedent died possessed, and his title and authority extends so completely to all such property as to exclude for the time being creditors, legatees, and all others beneficially interested in the estate. The latter persons cannot follow such property specifically into the hands of others, much less dispose of it; but the executor or administrator is the only true representative thereof whom the law will regard." 23 C. J. 1172.

Finding no reversible error, the judgment is

AFFIRMED.