IN RE ESTATE OF HAROLD GIFFORD.
BENSON & GARRETT COMPANY ET AL., APPELLEES, V. GEORGE T. MORTON, ADMINISTRATOR WITH THE WILL ANNEXED, ET AL., APPELLANTS: SANFORD R. GIFFORD, EXECUTOR, APPELLEE.
275 N. W. 273

FILED OCTOBER 1, 1937. No. 29984.

*Will H. Thompson,* for appellants.

*Gaines, McLaughlin & Gaines, King & Haggart, Wear, Boland & Nye* and *Clinton Brome, contra.*

Heard before ROSE, GOOD, DAY and CARTER, JJ., and HASTINGS and RINE, District Judges.

HASTINGS, District Judge.

The basis of this action is a judgment recovered by Benson & Garrett Company against Sanford R. Gifford, sole executor and trustee of the estate of Harold Gifford, deceased, in an action commenced in equity in the district court for Douglas county, Nebraska, by the Parsons Construction Company v. Sanford R. Gifford, sole executor and

trustee of the estate of Harold Gifford, deceased, and Benson & Garrett Company et al., to foreclose a mechanic's lien upon certain real property of said estate. From that judgment the executor and trustee prosecuted an appeal to this court. By the decision of this court the judgment of the district court, slightly modified, was affirmed. *Parsons Construction Co. v. Gifford*, 129 Neb. 617, 262 N. W. 508. A full statement of the facts and issues upon which the decision is based appears in that opinion and renders a further statement unnecessary.

Thereafter, on the 16th day of January, 1936, pursuant to the mandate of this court, the district court entered judgment in favor of Benson & Garrett Company for the sum of $17,861.30 against the executor and trustee of said estate. It was provided in said judgment that out of the amount recovered by Benson & Garrett Company there should be paid to the Parsons Construction Company $4,386.22; $3,503.16 to B. Gunwald, Inc.; $526.77 to Harry Binder; $373.87 to Latenser & Sons, and $609.25 to Harry Tukey.

On the 29th day of January, 1936, the Parsons Construction Company, Benson & Garrett Company, B. Gunwald, Inc., John Latenser & Sons, Harry Binder, Harry Tukey and Allan Tukey, appellees, filed an application, with a certified copy of said judgment attached thereto, in the county court of Douglas county, Nebraska, asking for an order directing and commanding Sanford R. Gifford, sole surviving executor and trustee, and George T. Morton, administrator with will annexed of the estate of Harold Gifford, deceased, to make payments on said judgment. The administrator with will annexed filed an answer and objections to the granting of the application. The executor and trustee filed no pleading. The county court entered an order denying the application. Appeal was taken by applicants from said order to the district court for Douglas county. On appeal, the applicants filed a petition substantially the same as their application in the county court. The administrator with will annexed filed an answer

on behalf of the estate. Elizabeth Peckham, claiming to be a legatee under the last will of Harold Gifford, deceased, filed an answer, in effect, the same as that of the administrator. The executor and trustee of the estate filed no pleading.

The defenses alleged in each of said answers were that the claim of Benson & Garrett Company on which the judgment sought to be enforced was based had not been exhibited to the county court within the time fixed for that purpose, and was, by the statute of nonclaims, forever barred, and that the judgment sued upon, being a money judgment only, and originating in the district court, was a nullity.

Appellees filed a motion to strike each of said answers from the files, for the reason, among others, that both questions had been determined and adjudicated in the case of *Parsons Construction Co. v. Gifford, supra,* and that the facts alleged stated no defense to their petition.

Considerable evidence was introduced by both parties in support of and against the motion to strike. The court, on the evidence adduced, sustained the motion and entered a judgment reversing the county court, and directing and ordering the executor and trustee, and the administrator with will annexed of said estate, to pay or cause to be paid forthwith out of any assets of said estate in their hands, as such officials, the amounts set forth in the final decree of said court in the suit of *Parsons Construction Co. v. Gifford, supra.*

Of the assignments in error it is only those discussed in the brief and the oral argument to which consideration will be given.

Appellants assign as error: "The court erred in that, if said judgment be valid, it is a claim against the estate which has not been filed with the county court within the time prescribed by statute and is 'forever barred.'"

It is the contention of counsel for appellants that the judgment not having been presented to the county court as a claim against the estate until the 29th day of January,

1936, was barred under sections 30-609, 30-701, 30-702 and 30-704, Comp. St. 1929.

A consideration of this assignment requires a brief statement of the facts in relation thereto. The record shows that Harold Gifford died testate on the 28th day of November, 1929, and his will was allowed and admitted to probate on the 26th day of December, 1929. The last day fixed by the order of the county court for filing claims was April 24, 1930, and by a subsequent order the time for filing claims was extended to August 25, 1930, at which time an order was made barring all claims. A short time before the death of Harold Gifford, Benson & Garrett Company entered into a contract with decedent to erect four additional stories on the Sanford Hotel in Omaha owned by him. Nothing had been done toward carrying out this contract at the time of Dr. Gifford's death. After the death of Dr. Gifford it was agreed between the executors of the estate and the contractors, Benson & Garrett Company, that the contract entered into by decedent could not be carried out by the parties. The executors of the estate and Benson & Garrett Company entered into negotiations in reference to making a new contract for the construction of the additional stories on said building, and after having reached a satisfactory arrangement the executors, on September 17, 1930, made application to the county court for authority to proceed to enter into said proposed new contract. On the same day the county court granted said application, and authorized said executors to use the funds of the estate for the payment of the improvement. Under the contract the improvement was to be completed by January 15, 1931. The erection of the additional stories was sublet by Benson & Garrett Company to the Parsons Construction Company. Before the time for the completion of said improvement the concrete work by the Parsons Construction Company was found to be defective and was removed. The executors then extended the time for the completion of the improvement to August 15, 1931, and on or about May 27 Sanford R. Gifford, then the sole surviving

executor, stopped further work upon said structure and ordered removed all the property of the contractors from the premises. It was for this breach of the contract entered into between Benson & Garrett Company and the executors of the estate that the judgment involved herein was recovered.

The statutory provisions relied upon by counsel for appellant to support their contention, so far as material, are:

Sec. 30-609. "Every person having a claim or demand against the estate of a deceased person, whether due or to become due, whether absolute or contingent, who shall not after the giving of notice as required in this chapter exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever."

Sec. 30-701. "If any person shall be liable as security for the deceased, or have any other contingent claim against his estate which cannot be proved as a debt, the same may be presented, with the proper proof, to the county court, which if satisfied that such claim is a legal demand against said estate, may order the executor or administrator to retain in his hands sufficient to pay such contingent claim, when the same shall become absolute, or, if the estate shall be insolvent, sufficient to pay a proportion equal to the dividends of other creditors."

Sec. 30-702. "If such contingent claim shall become absolute, and shall be presented to the county court, or to the executor or administrator at any time within two years from the time limited for other creditors to present their claims, it may be allowed upon due proof, as in case of other claims."

Sec. 30-704. "If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present claims, the person having such claim may present it to the court, and prove the same at any time within one year after it shall accrue or become absolute."

The claim upon which the judgment is based arose out

of the breach of a contract entered into after the death of the deceased, during the course of administration, pursuant to an order of the county court authorizing the executors to enter into such contract, and after the time the order barring claims was entered under section 30-609. It is manifest that the statutory provisions quoted were not intended to apply to this situation.

The decisions of this court cited by counsel for appellants in support of their contention relate to claims that existed at the time of the death of the decedent arising out of contracts entered into or obligations incurred during the lifetime of the decedent, and have no application to claims against an estate arising during the course of administration. The precise question involved here has not been passed upon by this court.

"The statutes of nonclaim usually apply only to claims which existed against decedent in his lifetime, and do not require the presentation of claims which come into existence after his death, but some statutes which provide that such claims shall be charges against the estate require that they shall be presented to the probate court for inspection and allowance. It has been considered that, even though presentation of such claims is not required, they may be presented for the purpose of obtaining an order directing the representative to pay them as expenses of administration, and where claimant has an election to look to the representative personally or to the estate, he must present the claim if he wishes to assert it against the estate." 24 C. J. 330.

The "claim or demand" against the estate of a deceased person, "whether due or to become due, whether absolute or contingent," which is required by sections 30-609, 30-701, 30-702 and 30-704, Comp. St. 1929, to be presented to the county court within the time named therein or be forever barred, is such "claim or demand" as existed against decedent at the time of his death.

The claim on which the judgment against the estate is based, not being one that existed against the decedent at

the time of his death, either as an absolute or contingent claim, was not barred by any of said statutory provisions.

The claim having been reduced to judgment, the judgment was properly presented to the county court for the purpose of obtaining an order for its payment by the executor and administrator with will annexed during the course of administration of said estate.

Error is assigned and the contention made that the judgment sought to be enforced, being a money judgment against the executor of the estate and originating in the district court, is a nullity and unenforceable.

It appears from the record that on the trial of the case of *Parsons Construction Co. v. Gifford, supra,* objection was made to the jurisdiction of the court to hear and determine the issue between the cross-petitioner Benson & Garrett Company, and the cross-petitioner Gifford, executor, on the ground that the executor was not subject to an action for the recovery of money only. The objection was overruled and on appeal of the case to this court the same contention was made as is here made, and in holding adversely to that contention we said: "A court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief with respect to the subject-matter." *Parsons Construction Co. v. Gifford, supra.*

In *Dutch v. Welpton,* 121 Neb. 480, 237 N. W. 579, we held: "A judgment acts as an absolute bar to a subsequent action based upon the same contentions, not only as to every matter offered to sustain or defeat such contentions, but also as to any other admissible matter which might have been offered for that purpose."

And in *Wheeler v. Brady,* 126 Neb. 297, 253 N. W. 338: "Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, pur-

pose, or subject-matter of the two suits is the same or not."

The judgment upon which this action is based is not void for want of jurisdiction of the court. The jurisdiction to render the judgment against the Gifford estate was questioned and settled in the action in which it was entered, and is not subject to be relitigated in this action.

Error is claimed in that notice was not given by the county court of the filing of the application for the payment of the judgment; that the order entered by the county court denying the application was void, and that the appeal to the district court did not vest that court with jurisdiction. The claim of error in this regard is without merit. It is evident from the record that the administrator, as well as others interested in the estate, knew of the filing of the application for an order directing payment of the judgment. The time for the hearing on the application appears to have been fixed by the court. The administrator with will annexed appeared in the county court, filed an answer to the application and raised no objection to the jurisdiction of the court for failure to give notice of the filing of said application, and on a hearing had in that court obtained a judgment in favor of the estate denying the application. By said acts, notice of the filing of said application, if such notice was required, was waived and the county court vested with jurisdiction to hear and determine the issue presented, and on appeal by the applicants from the judgment denying them the relief sought, the district court became vested with jurisdiction.

It is contended by counsel for appellants that the judgment in favor of Benson & Garrett Company was to be paid by the Gifford estate only after Benson & Garrett Company paid to the others named therein the amounts due each of them from Benson & Garrett Company, and said amounts not having been paid by Benson & Garrett Company that it was error to order the executors to pay prior to the time the condition had been met.

We do not think the judgment will bear the construction

placed upon it by counsel. It was not intended that Benson & Garrett Company, as a condition of the payment of the judgment by the estate, should first pay the amounts due others as found therein. The plain import of the judgment is that Benson & Garrett Company shall pay to those named therein the amounts found due to them out of the proceeds of the judgment when the same is paid by the estate. The sole liability of the estate on the judgment is to Benson & Garrett Company. When the amount of the judgment is paid into court the judgment will be satisfied.

Finally, it is urged by appellants that the "court was without jurisdiction to order the estate to make payment to the subcontractors, as the estate was not subject to any suit in favor of the subcontractors, and the order is not supported by any judgment or decree in their favor."

We construe the judgment appealed from to direct the personal representatives to pay Benson & Garrett Company the sum of $17,861.30, with interest at 6 per cent. from November 3, 1933, and the costs by them recovered in the former action, and that such judgment does not direct payment to be made by the estate to subcontractors and other claimants.

The judgment is right and is

AFFIRMED.