WILLIAM NIKLAUS, APPELLEE, v. PHOENIX INDEMNITY COMPANY OF NEW YORK, APPELLANT, JOHN M. PRIEST, INTERVENER-APPELLANT.

89 N. W. 2d 258

Filed April 11, 1958. No. 34328.

*Cline, Williams, Wright & Johnson* and *Richard N. Thompson,* for appellant.

*John M. Priest,* pro se.

*J. A. Hayward,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action brought in the district court for Lancaster County by William Niklaus, plaintiff, against the Phoenix Indemnity Company of New York, defendant. John M. Priest filed a petition in intervention in the action. The purpose of the action was to recover on an appeal bond given in an action in forcible entry and detainer, required on appeal of such action by section 27-1416, R. R. S. 1943. Trial by jury was waived and trial had to the court. Judgment was rendered in favor of the plaintiff in the sum of $887.70, together with interest in the sum of $205.78. Defendant and intervener filed separate motions for new trial, both of which motions were overruled. Defendant and intervener appeal from the order of the court overruling their motions for new trial.

For convenience we will refer to the parties as designated in the district court.

The plaintiff's amended petition alleged that the plaintiff owned the entire premises of 3145 Holdrege Street in Lincoln, Nebraska, the same being improved and consisting of a building with two apartments referred to

as the upper and lower apartments; that on or about November 1, 1944, John M. Priest and Mabel V. Priest went into possession of the upper apartment of said premises for which they were to pay an initial rental of $35 a month which was increased to $40 a month and later to $45 a month; that under this arrangement all rents were paid by the Priests to December 1, 1948; that from this date on, the occupancy of the premises by the Priests was unlawful; and that on March 24, 1953, a judgment of restitution of the premises was issued for the benefit of the plaintiff and for eviction of the Priests. The amended petition further alleged that the defendant was indebted to the plaintiff on its bond for the reasonable rental of the upper apartment of the premises above described. It was further alleged that no part of the rental had been paid. Plaintiff prayed judgment against the defendant in the sum of $5,351.72, together with interest thereon at the rate of 6 percent per annum from July 1, 1954, and for costs of the action.

The amended petition also contained certain allegations pleading the same subject matter that was pleaded by the plaintiff herein as defendant cross-petitioner in a former action which was a foreclosure of a mortgage action. For the most part, such allegations were stricken from the amended petition in this action upon motion of the defendant.

The defendant's answer admitted that on or about April 1, 1953, a bond was issued by its agent which was approved and filed in the justice court on April 2, 1953, in a proceeding entitled William Niklaus, plaintiff, v. John M. Priest and Mabel V. Priest, defendants; and that final judgment was entered in said proceeding by the district court in favor of the plaintiff and against said defendants, and the plaintiff was placed in possession of said premises on March 26, 1954. The answer specifically denied each and every allegation contained in the plaintiff's amended petition not expressly admitted. The defendant further alleged in its answer that any

obligation of the defendant by reason of the undertaking theretofore referred to was an obligation as surety only for John M. Priest; that by reason of litigation in the district court it was adjudicated that John M. Priest was not indebted to plaintiff William Niklaus for rental of the premises described in his petition during the period covered by defendant's undertaking; and that by reason of such adjudication plaintiff could not recover from the defendant in this proceeding. The prayer was for dismissal of the plaintiff's petition and for recovery of costs expended.

John M. Priest filed a petition in intervention denying generally the allegations contained in the plaintiff's amended petition, and alleging that all matters or claims pleaded in the plaintiff's amended petition had been previously adjudicated in a former action titled T. R. P. Stocker et al. v. William Niklaus et al., and that the present action and the former action were between the same parties or those in privity with one of the defendants and the intervener. The petition in intervention further alleged that paragraph 7 set out in the answer and cross-petition of William Niklaus in the case of T. R. P. Stocker et al. v. William Niklaus et al., alleged as follows: That T. R. P. Stocker, John M. Priest, and Mabel V. Priest were indebted to William Niklaus in the sum of $2,168.25 for the use and occupation of the said premises from January 1, 1952, to March 27, 1954, no part of which sum had been paid; and further alleged that paragraph XI as set out in the petition of William Niklaus in this action reads as follows: That the defendant was indebted to the plaintiff on its bond for the reasonable rental of the upper apartment of the premises above described from December 1, 1948, to March 27, 1954, plus interest on the above payments calculated to July 1, 1954, in the total sum of $5,351.72, and no part of said sum had been paid. It was further alleged that said former action was one in which William Niklaus, defendant therein, by way of answer and cross-

petition, raised all material allegations and issues found in the present action; and that a decree was entered on May 13, 1954, in the former action and William Niklaus paid all claims as well as all costs as required by the decree which was accepted as final. The petition in intervention further pleaded estoppel on the part of the plaintiff to relitigate the same subject matter as was determined in the former action, and prayed that this action be dismissed and intervener recover his costs expended.

The plaintiff testified that he was the owner of the property at 3145 Holdrege Street. At this point objection was interposed by the intervener to any testimony by this witness on the grounds of res judicata and that all issues raised in the present case had been previously adjudicated in a former action, Stocker et al. v. William Niklaus et al. (The identity of this action will be further covered later in the opinion.) The defendant joined in the objection. The objection was overruled. The plaintiff proceeded to testify that he had owned the property since 1924. He described the improvements and the size of the apartments, and testified that the property consisted of an upper and lower apartment; and that during the period between April 1, 1953, and April 1, 1954, the reasonable rental value of the upper apartment was $75 a month, or in excess of that amount, with the renter paying the utilities. On cross-examination he testified that John M. Priest paid no rent; that there was an agreement in the 1940's that the rent would be $45 a month, which agreement was canceled January 1, 1952; and that he recovered possession of the upper apartment of the premises on March 26, 1954, and rented it immediately for $75 a month with the renter paying the utilities. There was further testimony on behalf of the plaintiff and the defendant as to the reasonable rental value of the upper apartment of the premises.

At the conclusion of the plaintiff's testimony the in-

tervener moved to strike all of the plaintiff's testimony on the grounds of res judicata. This motion was overruled.

The record discloses that a mortgage foreclosure action was brought in the district court for Lancaster County titled: "T. R. P. Stocker, et al., Plaintiff, v. William Niklaus, Mary Niklaus, John M. Priest, Mabel V. Priest, and Lincoln Sheet Metal & Roofing Company, et al., Defendants. Docket 181, Page 287." The plaintiffs in the above-mentioned action sought to foreclose a mortgage which they held upon the premises involved in the instant case. The plaintiff in the present action filed an "Amended supplemental and cross-petition" in the foreclosure case. In paragraph VII of the second cause of action contained in said cross-petition, he alleged: "T. R. P. Stocker, John M. Priest and Mabel V. Priest are indebted to William Niklaus in the sum of $2,168.25 for the use and occupation of said premises (the premises here involved) above described from January 1, 1952, to March 27, 1954. No part of said sum has been paid."

In paragraph X of that pleading the plaintiff here and defendant in the foreclosure action, prayed judgment against "T. R. P. Stocker John M. Priest and Mabel B. (sic) Priest and each of them in the sum of $3,878.25, together with interest thereon at the legal rate from April 1, 1954, and costs."

Also in paragraph X of the "amended supplemental and cross-petition" the plaintiff here and defendant in the foreclosure action alleged: "The said William Niklaus waives the tortious conduct of the said T. R. P. Stocker, John M. Priest and Mabel V. Priest and sues herein upon contract implied by law to recover the amount of the items above set forth." (The items set forth were in substance $1,000 damages for destruction of property, interference with the relationship with the tenants of the lower apartment causing loss to William Niklaus, money loaned by William Niklaus to John M.

Priest, and other charges against John M. Priest, Mabel V. Priest, and T. R. P. Stocker which we deem unnecessary to otherwise summarize for the purpose of this appeal.)

John M. Priest and Mabel V. Priest answered the "amended supplemental and cross-petition" as follows: "By way of further answer the defendants Johm (sic) Priest and Mabel Priest, separately, and each in their own right, deny generally each and every allegation contained in the alleged purported answer and cross petition contained, filed herein by the defendant William Niklaus."

On April 13, 1954, Judge Lyle E. Jackson, presiding in the district court for Lancaster County, entered a decree in the case titled "T. R. P. Stocker, and Pansy L. Stocker, Plaintiffs, v. William Niklaus, Mary Niklaus, Lincoln Sheet Metal and Roofing Company, a corporation, Harry R. McNurlin, Hazel McNurlin, John Priest and Mabel V. Priest, Defendants." Harry R. McNurlin and Hazel McNurlin, who were tenants of William Niklaus, failed to appear, plead, or demur. Default against them was taken. Defendants William Niklaus, Mary Niklaus, Lincoln Sheet Metal and Roofing Company, a corporation, John Priest, and Mabel V. Priest appeared, filed answers and other pleadings. Plaintiffs appeared in person and by T. R. P. Stocker as attorney for plaintiffs. Defendant William Niklaus appeared in person and by his attorney, Herbert Baird. Mary Niklaus appeared by her attorney, Herbert Baird. John M. Priest appeared in person, and Mabel Priest appeared by her attorney T. R. P. Stocker. Trial was had, evidence adduced, and the cause argued and submitted. The decree then disclosed that on May 13, 1954, briefs having been furnished the court, the court found generally for the plaintiffs and against all of the defendants. The court found the amounts due under the mortgage and that the mortgage was a first lien on the premises herein involved; and fixed the total amount of indebtedness

owing from William Niklaus to the plaintiffs' Stocker, and the amount owing the Lincoln Sheet Metal and Roofing Company, a corporation, declaring this amount to be a second lien on the premises owned by William Niklaus. With respect to the defendants Priest, the court found that they were not then in possession of any part of the premises and claimed no interest therein. All costs were taxed to the defendants William Niklaus and Mary Niklaus.

At the conclusion of the instant case, the court permitted the intervener to file his petition in intervention. The court then entered judgment as heretofore set forth.

The bond sued on in this action was an appeal bond given in an action of forcible entry and detainer and required in such appeals by section 27-1416, R. R. S. 1943, which is to the effect that the party appealing shall give an appeal bond with two or more sureties and in case of appeal by the defendant, that he will satisfy the final judgment and costs, and will pay a reasonable rent for the premises during the time he shall unlawfully withhold the same.

Suretyship is a contractual relation resulting from an agreement whereby one person, the surety, engages to be answerable for the debt, default, or miscarriage of another, the principal. The surety's obligation is not an original and direct one for the performance of his own act, but is accessory or collateral to the obligation contracted by the principal. It is of the essence of the surety's contract that there be a valid obligation. 50 Am. Jur., Suretyship, § 2, p. 903.

In Kroncke v. Madsen, 56 Neb. 609, 77 N. W. 202, the court said: "The liability of the surety for the debt to the holder of the obligation is no greater and no less than that of the principal. (Wilson v. Campbell, 1 Scam. [Ill.] 493; Berg v. Radcliff, 6 Johns. Ch. [N. Y.] 307.)"

The defendant asserts that if the principal in whose behalf the appeal bond was given had a valid defense to

the plaintiff's claim for nonpayment of rent from the date the appeal bond was written until the premises were restored to the plaintiff, the defendant, under such circumstances, would not be liable on the bond. Therefore, under the principles of res judicata announced by this court in its decisions, the plaintiff is barred from recovering the reasonable rental value of the premises occupied by John M. Priest, the principal on the bond, during the period in question, by reason of a prior adjudication between the plaintiff and the intervener in this action and principal on the bond, John M. Priest.

That the defense of res judicata is available to the defendant in the instant case, the defendant cites Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108. In the cited case, in a former action the plaintiffs had sought injunctive relief to prevent the city from continuing to cause alleged damages to the plaintiffs' property. Such injunctive relief was denied. In the second action the plaintiffs sued the city for causing damage to their property. In applying the doctrine of res judicata, this court said: "The defense of res adjudicata becomes available when a question of fact has been put directly in issue in an action between the same parties or their privies and an adjudication had thereon. Wilch v. Phelps, 16 Neb. 515, 20 N. W. 840; Morgan v. Mitchell, 52 Neb. 667, 72 N. W. 1055; Wittenberg v. Mollyneaux, 60 Neb. 583, 83 N. W. 842; State v. Savage, 64 Neb. 684, 702, 90 N. W. 898, 91 N. W. 557." The court further said: "Examination discloses without question that in the case at bar the same facts are pleaded as ground for relief as were pleaded in the former action. * * * The only differences between the two actions is that in the former injunctive relief was sought by reason of damage, whereas in the latter recovery of a money judgment for damages was sought; the former was an action in equity and the latter in law." The court then went on to say: "The fact that the plaintiffs did not seek to recover damages in the former action is not a matter to be considered

of consequence here. The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of res adjudicata includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein. State v. Broatch, 68 Neb. 687, 94 N. W. 1016; Triska v. Miller, 86 Neb. 503, 125 N. W. 1070; State v. Newman Grove State Bank, 128 Neb. 422, 259 N. W. 170; Blum v. Truelsen, 139 Neb. 282, 297 N. W. 136. The fact that the former action was in equity and this one is in law can make no difference. In Triska v. Miller, supra, the court said: 'In the instant case the proceedings and judgments in the foreclosure suit, in the action in equity and in the ejectment action, are pleaded in bar to the plaintiffs' petition. The court heard evidence upon the merits, as well as upon the pleas in bar. The finding is general in favor of the defendants, so that the record does not disclose whether the decree is based on the merits or upon the judgments referred to, but if the evidence sustains any defense pleaded the decree should be affirmed.' In the light of the question before the court this language was tantamount to a holding that, if there was a finding of fact in either the foreclosure action, the equity action, or the action at law on the same issues of fact as were presented in the action then before the court, such finding would be res adjudicata. See, also, Williamsburg Savings Bank v. Town of Solon, 136 N. Y. 465, 32 N. E. 1058."

In the instant case the defendant asserts that the facts relied upon by the plaintiff are identical to those which he interposed as a defense and cross-claim in the foreclosure action heretofore set out. The basis of the plea of res judicata is: The answer and cross-petition of the defendant Niklaus in the former action alleged that: "T. R. P. Stocker, John M. Priest and Mabel V. Priest are indebted to William Niklaus in the sum of $2,168.25 for the use and occupation of said premises

above described from January 1, 1952, to March 27, 1954. No part of said sum has been paid." The prayer of this cause of action in the former case stated: "WHERE-FORE William Niklaus prays judgment against T. R. P. Stocker John M. Priest and Mabel B. (V.) Priest *and each of them* in the sum of $3,878.25 together with interest thereon * * *." (Emphasis supplied.) Included in the item of $3,878.25 prayed for is the claim for rent which constitutes the basis of the action presently before the court. This was put in issue by the pleadings filed in the former case. There was an identity of causes of action established by the pleadings and evidence adduced in the present case. In disposing of the former litigation, the court found that "the court being fully advised in the premises, finds generally for the plaintiffs and against all of the defendants; * * *." This constitutes a final determination of the issues raised by the defendant Niklaus in the former litigation and may properly be pleaded as res judicata in the present action.

Although the foreclosure action was of an equitable nature and the present case is one at law, the above-cited case holds that this does not vitiate the defense of res judicata. For other cases relating to the doctrine of res judicata see, also, Wheeler v. Brady, 126 Neb. 297, 253 N. W. 338; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649; Burnett v. Central Nebraska Public Power & Irr. Dist., 147 Neb. 458, 23 N. W. 2d 661; Dutch v. Welpton, 121 Neb. 480, 237 N. W. 579; In re Estate of Gifford, 133 Neb. 331, 275 N. W. 273; Wightman v. City of Wayne, 144 Neb. 871, 15 N. W. 2d 78; Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575; Morrell v. Towle, 141 Neb. 370, 3 N. W. 2d 655.

In the annotation, 83 A. L. R. 648, it is pointed out: "Based on the rule that what has been once adjudicated cannot be the subject of a later independent action or claim, it is established that an unavailing defense, legal or equitable, if within the jurisdiction of the court, in

one suit cannot be made the basis of a plea for affirmative relief, either by separate action or by a counterclaim in a subsequent suit, the prior decision in favor of the first plaintiff being conclusive." Cases are cited from several jurisdictions of this country.

In Anderson v. Anderson, 155 Neb. 1, 50 N. W. 2d 224, the court held: "All matters in issue in a former action and judicially determined are conclusively put at rest by a judgment therein and may not again be litigated in a subsequent action." The court went on to say: "It has often been said and has recently been repeated by this court in Baum v. McBride, 152 Neb. 152, 40 N. W. 2d 649, that: 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action.' See, also, Nelson v. Nelson, 152 Neb. 741, 42 N. W. 2d 654; Callahan v. Prewitt, 143 Neb. 793, 13 N. W. 2d 660; Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108." See, also, Slater v. Skirving, 51 Neb. 108, 70 N. W. 493, 66 Am. S. R. 444.

An examination of the decree in the case of T. R. P. Stocker and Pansy L. Stocker, plaintiffs, v. William Niklaus, Mary Niklaus, Lincoln Sheet Metal and Roofing Company, a corporation, Harry R. McNurlin, Hazel McNurlin, John Priest, and Mabel V. Priest, defendants, in the district court for Lancaster County shows that the court in that case found generally for the plaintiffs and against all of the defendants and that the allegations of the plaintiffs' petition were true. The costs were taxed against the defendant William Niklaus in that case.

As stated in City of Wayne v. Adams, 156 Neb. 297, 56 N. W. 2d 117: "The conclusiveness of a judicial determination is not affected by the kind of proceeding or form of action in which it was made or by a difference in form or object of the litigation in which the adjudication

was made and that in which res judicata is pleaded." See, also, 50 C. J. S., Judgments, § 691, p. 150.

In Webber v. City of Scottsbluff, 155 Neb. 60, 50 N. W. 2d 541, this court said: "The rule is well settled that a judgment on the merits in the trial of a civil action constitutes an effective bar and estoppel in a subsequent action upon the same claim or demand, not only as to every matter offered and received to sustain or defeat the claim or demand, but also as to any other admissible matter which might have been offered for such purpose." See, also, Lowe v. Prospect Hill Cemetery Assn., 75 Neb. 85, 106 N. W. 429.

We conclude, in the light of the pleadings and the authorities heretofore cited, that the trial court committed prejudicial error by failing to find that the doctrine of res judicata applied to the instant case.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment in favor of the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER and WENKE, JJ., participating on briefs.